# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BTL INDUSTRIES, INC.,**

      **Plaintiff,**

**v.**                                         **Case No: 6:22-cv-1477-WWB-EJK**

**NEXTWELLNESS USA LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff BTL's Motion for Reconsideration (Doc. 92), filed December 6, 2023. Defendant did not respond to the Motion, and the time to do so has expired. Upon consideration, the Motion is due to be denied.

Plaintiff requests the Court to reconsider its December 4, 2023, Endorsed Order (Doc. 90) granting Defendant's Motion for Extension of Time to Complete Discovery (Doc. 87), which extended the fact discovery deadline to January 2, 2024. Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying

reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Plaintiff argus that Defendant's Motion (Doc. 87) did not comply with Local Rule 3.01(g), mispresented communications between the two parties, did not provide good cause for the extension, and requested discovery that "could be highly burdensome" to Plaintiff. (Doc. 92 at 2.) However, the Motion for Reconsideration does not directly address any of the three available grounds for reconsideration. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation . . . ." *Sussman*, 153 F.R.D. at 694. Beyond this, the Court considered both Defendant's Motion for Extension of Time to Complete Discovery (Doc. 87) *and* Plaintiff's Motion to Take Depositions Out of Time (Doc. 88). Given the relief requested in both motions, the undersigned determined that an extension of the fact discovery deadline was appropriate, and nothing has been presented to change that assessment. For these reasons, the Court finds no basis to reconsider its prior Order.

Accordingly, it is **ORDERED** that Plaintiff BTL's Motion for Reconsideration (Doc. 92) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE